# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| DONALD AND GUSTAVIA CAMPBELL, INDIVIDUALLY AND ON BEHALF OF, BRANDON CAMPBELL, FABIAN CAMPBELL, AND BRIANA CAMPBELL<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMIC CRANES, LLC., et al.<br><br>Defendants. | §§§§§§§§§§§§§§§§ CIVIL ACTION NO. G-05-241 |

## ORDER DENYING DEFENDANTS DYNAMIC INDUSTRIES, INC., APACHE CORPORATION, APACHE OFFSHORE HOLDINGS LLC, AND TETRA TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE

This case arises out of injuries sustained by Donald "Butch" Campbell ("Plaintiff") while employed by Defendant Dynamic Industries ("Dynamic") and working on Defendant Apache Corporation's ("Apache") offshore platform. Now before the Court comes Defendants Dynamic, Apache, Apache Offshore Holdings LLC ("Apache Offshore"), and Tetra Technologies, Inc.'s ("Tetra") (collectively, "Defendants") Motion to Transfer Venue to the Western District of Louisiana. For the reasons stated below, Defendants' Motion is respectfully **DENIED**.

I.   Background

Plaintiff was hired by Dynamic to work on the offshore platform in question, which is owned by Apache. At the time of the accident, Apache's platform was being prepared for salvage following the plugging and abandonment of Apache's well. A number of companies were involved in the salvage, including Plaintiff's employer, Dynamic. Plaintiff was injured when a 55 gallon drum

containing leaking lead/acid storage batteries exploded near him.

II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

III. Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*

§ 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendants have outlined the testimony of 15 eyewitness, all but one of whom reside in Louisiana. Plaintiff points out that all of these witnesses are Defendants' employees. Since Defendants can compel the attendance at trial of their own employees, the availability and convenience of these potential witnesses is given less weight. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003). Furthermore, the named representatives of some of the defendants reside in this District, as do the Plaintiff's current treating physicians. This factor weighs neither in favor nor against transfer.

B. *Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient for all the parties involved." *Id.* Plaintiff and many of the fact witnesses reside in Louisiana, far closer to Lafayette, Louisiana in the Western District of Louisiana, than to Galveston, Texas. There will be increased costs associated with trying this case in this Court, and therefore this factor weighs in favor of transfer.

C. *Location of Books and Records*

The location of books and records is generally of little importance in personal injury cases. Defendants contend that relevant medical and corporate records relevant to this accident are located within the Western District of Louisiana. Plaintiff contends that the books and records in this case are not likely to "number more than a redwell or two." Defendants have not given the Court any

indication that the records located in Louisiana are so voluminous as to cause Defendants to incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston [from Louisiana]."). Therefore, this factor does not weigh for or against transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference, but the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident of Abbeville, Louisiana. Defendants claim that Plaintiff chose this District for unknown reasons. Plaintiff responded to this argument by pointing out that his treating physicians reside within this District, and that two of the defendants, Apache and Tetra, are headquartered in this District. Although Plaintiff does not reside in this District, his choice still requires some deference unless the case has absolutely no connection to this forum. *Id.* at 1109. Therefore, this factor weighs slightly against transfer.

E. *Place of the Alleged Wrong*

Defendants also argue that the Court should consider the place of the alleged wrong. At the time of Plaintiff's injury, the M/V C. MICHAEL CALLAIS was operating off the Louisiana coast on the Outer Continental Shelf. Although the injury did not take place within the Western District of Louisiana, it also did not take place within this District. However, the location is closer to the Western District of Louisiana, and this factor weighs in favor of transfer.

F. *Potential for Delay*

Any transfer will produce some delay, as such Plaintiffs must show that a transfer at this

stage would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of delay or prejudice might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). Originally, Defendants contended that this case did not present rare or special circumstances that merited a refusal to transfer venue on the basis of possibility of delay or prejudice, and they sought transfer to either the Eastern or Western District of Louisiana. Defendants' Motion to Transfer was filed before the devastation of Hurricane Katrina was fully realized. Defendants filed a supplement to their original Motion shortly thereafter, requesting that this Court limit their Motion to Transfer to the Western District of Louisiana. Since the filing of their Supplemental Motion, Hurricane Rita came through the Gulf and wrecked havoc on Western Louisiana. At this time, both the Eastern and Western Districts of Louisiana are having to deal with aftermath of two devastating hurricanes. Although these two natural disasters do not fit neatly into one of the previously established factors for consideration of transfer motions, they cannot be ignored. Even though the Western District of Louisiana has offices open for business, that District has been affected by recent events. This Court recognizes that under normal circumstances this lawsuit probably would have been transferred to the Western District of Louisiana, but in light of recent events there would undoubtedly be significant delay if this case were transferred, and it would also unduly burden our sister courts. This weighs heavily against transfer, and outweighs all other factors in the analysis of this case.

IV.     Conclusion

Transferring this case to the Western District of Louisiana would be to disregard the impact of recent catastrophic events on the great State of Louisiana. For that reason, and those outlined above, Defendants' Motion to Transfer is respectfully **DENIED.** Each Party is to bear its own

taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 6th day of October, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge